**MCFARLIN LLP**
Timothy G. McFarlin (State Bar No. 223378)
Email: tim@mcfarlinlaw.com
Jarrod Y. Nakano (State Bar No. 235548)
Email: jarrod@mcfarlinlaw.com
Connie C. Catone (State Bar No. 274248)
Email: connie@mcfarlinlaw.com
4 Park Plaza, Suite 1025
Irvine, California 92614
Telephone: (949) 544-2640
Fax: (949) 336-7612

Attorneys for Plaintiff
SIMA KARIMIAN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIMA KARIMIAN, an individual, <br><br> Plaintiff, <br><br> v. <br><br> CALIBER HOME LOANS, INC. DBA VERICREST FINANCIAL, INC., a Delaware Corporation; SUMMIT MANAGEMENT COMPANY, LLC, a Delaware Corporation; CITIMORTGAGE BANK, INC., a New York Corporation; and DOES 1 through 100; Inclusive, <br><br> Defendants. | Case No.: CV13-07034-CAS (FFMx) <br><br> Judge: Hon. Christina A. Synder <br> Courtroom: 5 <br><br> **PLAINTIFF'S BRIEF IN RESPONSE TO THE COURT'S MINUTE ORDER RE WHETHER THE CASE OF CORVELLO V. WELLS FARGO BANK, N.A HAS A BEARING ON THIS CASE.** <br><br> Date Action Filed: August 22, 2013 <br> Date Removed: September 23, 2013 <br> Trial Date: Not Yet Set |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORDS:

In response to Court's minute order on October 17, 2013. Plaintiff SIMA KARIMIAN ("Plaintiff") hereby responds as follows:

I.  INTRODUCTION & STATEMENT OF THE FACTS

The courts ruling in Corvello v. Wells Fargo Bank, N.A., 2012 WL 4017279 (9th Cir. Aug. 8, 2013) ("Corvello") applies, as the facts in that case and this action are similar, in that the bank offered a trial period plan to a homeowner, and after the

In or around May 2009, Plaintiff contacted Defendant CITIMORTGAGE BANK, INC. ("CitiMortgage") and sought assistance with her home mortgage. In or around October 2009, Plaintiff was informed by CitiMortgage that it approved Plaintiff for a HAMP trial plan agreement ("TPP") and that Plaintiff was pre-approved for a permanent loan modification. It was explained to Plaintiff that after she completed three trial monthly plan payments, for $2,264.26 for October, November, and December 2009; CitiMortgage would permanently modify Plaintiff's monthly mortgage payments. [Complaint ¶¶ 17, 19].

Plaintiff promptly agreed to the terms and accepted CitiMortgage's agreement. Thereafter, Plaintiff made all of the requisite payments under the TPP. Plaintiff continued to make the monthly TPP payments until July 2010, when CitiMortgage refused to accept payments. On or about June 17, 2010, Plaintiff was informed by CitiMortgage that it would not provide Plaintiff with the HAMP loan modification, despite Plaintiff completing the three month trial plan and continuing to make the trial plan payments at CitiMortgage's instruction. [Complaint ¶¶ 19-23].

II.   ARGUMENTS & ANALYSIS

The court in Corvello held that the bank was obligated to offer borrowers a permanent mortgage modification after borrowers complied with the TPP. The facts in Plaintiff's complaint are analogous to the facts raised by the plaintiffs in Corvello.

Here, as in Corvello, CitiMortgage offered Plaintiff a HAMP trial period plan ("TPP"), and the TPP states that if Plaintiff complies with the TPP, which is to make the three trial plan payments, the lender will provide Plaintiff a permanent loan modification. Also, like the plaintiffs in Corvello, Plaintiff made all three TPP payments, in addition to 6 more payments at the direction of CitiMortgage. Further, like in Corvello, Plaintiff was never offered a permanent loan modification by the bank, nor did the bank timely notify Plaintiff she did not qualify for a loan

1 | modification. CitiMortgage simply refused to honor the TPP or provide Plaintiff
2 | with a permanent loan modification and transferred servicing.

3 |     Here, Plaintiff's TPP language[1] is similar to the TPP in <u>Corvello</u>, and
4 | Plaintiff has complied with the obligations of her TPP by making the three monthly
5 | payments in October 2009, November 2009, and December 2009. Therefore,
6 | applying the ruling in <u>Corvello</u>, there was an enforceable contract that bound
7 | CitiMortgage to offer a permanent modification to Plaintiff. Further, the language
8 | of the TPP states that "if I [Plaintiff] comply the Lender [CitiMortgage] will
9 | provide me with a Home Affordable Agreement."

10 |     The court in <u>Corvello</u>, on essentially the same facts as here, held that
11 | borrowers alleged that they fulfilled all their obligations under the TPP and the loan
12 | servicer failed to offer a permanent loan modification; as such, Plaintiff has a valid
13 | claim for beach of the TPP agreement, just as the plaintiffs in <u>Corvello</u>.

14 |     Therefore, Plaintiff has properly alleged a breach of contact cause of action,
15 | of the TPP, against CitiMortgage.

16 | **III. CONCLUSION**

17 |     Plaintiff respectfully requests that this court apply the holding from <u>Corvello</u>,
18 | and overrule CitiMortgage's Motion to Dismiss.

19 | DATED: October 24, 2013          MCFARLIN LLP

21 |          By: /s/ Connie C. Catone

         Connie C. Catone
         Attorneys for Plaintiff
         SIMA KARIMIAN

---

[1] "[I]f I am in compliance with this Trial Period Plan and my representations in Section 1 continue to be true in all material respects, then the Lender will provide me with a Home Affordable Modification Agreement, as set forth in Section 3." Further in Section 3, the TPP states, "If I comply with the requirements in Section 2 and my representations in Section 1 continue to be true in all material respects, the Lender will send me a Modification Agreement for my signature which will modify my Loan Documents as necessary to reflect this new payment amount and waive any unpaid late charges accrued to date."

**DECLARATION OF PROOF OF SERVICE**
*Karimian v. Caliber Home Loans. Inc. et al.*
*United States District Court- Central District of California*
*Case No. CV13-07034-CAS (FFMx)*

  I am over the age of 18 and not a party to the within action. I am employed by MCFARLIN LLP, whose business address is: 4 Park Plaza, Suite 1025, Irvine, CA 92614.

  On October 25, 2013, I served the within document(s) described as: **PLAINTIFF'S BRIEF IN RESPONSE TO THE COURT'S MINUTE ORDER RE WHETHER THE CASE OF <u>CORVELLO V. WELLS FARGO BANK, N.A</u> HAS A BEARING ON THIS CASE.** on the interested parties as follows:

| | |
|---|---|
| David T. Buderman, Esq.<br>Aaron R. Goldstein, Esq.<br>PERKINS COIE LLP<br>1888 Century Park E, Suite 1700<br>Los Angeles, CA 90067 | Attorneys for Defendants Caliber Home Loans, Inc. and Summit Management Company LLC |
| Kelly Andrew Beall, Esq.<br>WOLFE & WYMAN LLP<br>2301 Dupont Drive, Suite 300<br>Irvine, CA 92312 | Attorneys for Defendant CitiMortgage, Inc. |

**X    BY MAIL:** as follows:

**X    BY ELECTRONIC ACCESS** Pursuant to Electronic Filing Court Order, I hereby certify that the above document(s) was uploaded to the CM-ECF website and will be posted on the website by the close of the next business day and the webmaster will give e-mail notification to all parties.

X    **FEDERAL:** - I am "readily familiar" with McFarlin LLP's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

///
///
///

-1-

PROOF OF SERVICE

**X    FERDERAL:**    I declare under penalty of perjury under the laws of the United States of America that the above is true and correct. I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on October 25, 2013, at Irvine, California.

_____
Erin McCarthy

- 2 -

PROOF OF SERVICE