UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-07034-CAS-(FFMx) | Date | November 4, 2013 |
|---|---|---|---|
| Title | SIMA KARIMIAN V. CALIBER HOME LOANS INC ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Lisa Gonzalez | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: | |
| Connie Catone | Kelly Beall | |

**Proceedings:** CITIMORTGAGE BANK, INC.'S MOTION TO DISMISS (Dkt. 7, filed October 1, 2013)

## I. INTRODUCTION

On August 8, 2013, plaintiff Sima Karimian filed this action in Los Angeles County Superior Court against Caliber Home Loans, Inc. ("Caliber"), Summit Management Company, LLC ("Summit"), CitiMortgage Bank, Inc. ("CitiMortgage"), and Does 1 through 100, inclusive. As to defendant CitiMortgage, the complaint asserts claims for (1) breach of contract; (2) fraud; (3) negligent misrepresentation; and (4) promissory estoppel. On September 23, 2013, defendants Caliber and Summit removed the case to this Court pursuant to 28 U.S.C. §§ 1332, 1441(b).

On October 1, 2013, defendant CitiMortgage filed a motion to dismiss. On October 11, 2013, plaintiff filed her opposition, and on October 21, 2013, CitiMortgage replied. Additionally, on October 17, 2013, the Court directed the parties to file supplemental briefing concerning the applicability of Corvello v. Wells Fargo Bank, NA, 728 F.3d 878 (9th Cir. 2013). CitiMortgage filed its supplemental brief on October 24, 2013, and plaintiff filed her supplemental brief on October 25, 2013. On November 4, 2013, the Court held a hearing. After considering the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

Plaintiff's allegations arise from a mortgage on her property at 7604 Troxton Ave., Los Angeles, CA 90045 (the "property"). Compl. ¶ 14. Plaintiff alleges that on or around July 14, 2005, she purchased the property using a loan for $656,000 from Aegis Wholesale Corporation ("Aegis"). Id. The loan was secured by a deed of trust on the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

O

| Case No. | 2:13-cv-07034-CAS-(FFMx) | Date | November 4, 2013 |
|---|---|---|---|
| Title | SIMA KARIMIAN V. CALIBER HOME LOANS INC ET AL. | | |

property. Id. Aegis later assigned its beneficiary interest in the deed of trust to defendant CitiMortgage. Id. ¶ 15.

On or around May 2009, plaintiff contacted CitiMortgage to request a loan modification. Id. ¶ 17. In October 2009, CitiMortgage informed plaintiff that she was approved for a Home Affordable Modification Program ("HAMP") trial plan agreement and pre-approved for a permanent loan modification. Id. ¶ 19. Plaintiff was told that after making three trial monthly plan payments of $2,264.26, CitiMortgage would permanently modify plaintiff's monthly mortgage payments. Id. Plaintiff agreed to the terms of the trial plan agreement. Id.

Plaintiff alleges she made the three trial payments. Furthermore, plaintiff continued to make monthly payments while awaiting her permanent mortgage modification. Id. ¶¶ 20–22. In July 2010, CitiMortgage informed plaintiff that it would not provide her with a permanent loan modification, as her loan was being transferred to Caliber Home Loans. Id. ¶ 23. After further efforts to seek a loan modification from Caliber, Caliber eventually foreclosed on and sold the property in August 2013. Id. ¶¶ 25–42.

**III. LEGAL STANDARD**

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion . . . does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**    O

| Case No. | 2:13-cv-07034-CAS-(FFMx) | Date | November 4, 2013 |
|---|---|---|---|
| Title | SIMA KARIMIAN V. CALIBER HOME LOANS INC ET AL. | | |

While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

     Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001). For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

     As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV. DISCUSSION

### A. Breach of Contract

     To state a claim for breach of contract, a plaintiff must allege: (1) the existence of a contract; (2) plaintiff's performance or excuse for her nonperformance thereon; (3)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-07034-CAS-(FFMx) | Date | November 4, 2013 |
|---|---|---|---|
| Title | SIMA KARIMIAN V. CALIBER HOME LOANS INC ET AL. | | |

defendant's material breach; and (4) resulting damages. Wall Street Network, Ltd. v. N.Y. Times Co., 164 Cal. App. 4th 1171, 1178 (2008). Plaintiff alleges that she and CitiMortgage entered into a "Trial Plan Payment" ("TPP") contract pursuant to HAMP.

    Under HAMP, a homeowner may apply for mortgage modifications by submitting various financial information to her mortgage servicer. "For borrowers who appear eligible to participate in HAMP, the servicer then prepares a TPP. The TPP requires borrowers to submit documentation to confirm the accuracy of their initial financial representations, and to make trial payments of the modified amount to the servicer. The servicer must use the documentation to 'confirm that the borrower[s]' meet the eligibility criteria for a permanent modification." Corvello v. Wells Fargo Bank, NA, 728 F.3d 878, 880-81 (9th Cir. 2013). If the homeowner successfully makes her trial payments, and her financial "representations remain accurate," the servicer must then offer to permanently modify the homeowner's mortgage. Id. at 881.

    Here, plaintiff alleges (1) that she entered into a TPP with CitiMortgage, (2) that she submitted all required financial documentation, and (3) that she made all of her trial payments. Despite this, CitiMortgage failed to offer plaintiff a permanent mortgage modification. Taking these allegations as true—as the Court must at this stage—the Court finds that plaintiff has stated a claim for breach of contract. As the controlling Ninth Circuit case, Corvello v. Wells Fargo Bank, NA, holds: "Where, as here, borrowers allege, . . . that they have fulfilled all of their obligations under the TPP, and the loan servicer has failed to offer a permanent modification, the borrowers have valid claims for breach of the TPP agreement." 728 F.3d at 884.

    In its supplemental brief addressing the applicability of Corvello, CitiMortgage argues that plaintiff has failed to allege that she was eligible under HAMP for a permanent modification. This argument misstates the holding of Corvello, which found that if a borrower is ineligible for a permanent modification under HAMP, the servicer must notify plaintiff of her ineligibility before entering the TPP and accepting trial payments. Having entered into the TPP, and accepted payments, CitiMortgage could not withhold a permanent modification simply because it later determined that plaintiff did not qualify for HAMP. Instead, CitiMortgage could "evaluate only whether borrowers had complied with the agreement's terms and whether [the borrower's financial] representations remained true." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-07034-CAS-(FFMx) | Date | November 4, 2013 |
|---|---|---|---|
| Title | SIMA KARIMIAN V. CALIBER HOME LOANS INC ET AL. | | |

If, as the complaint here alleges, plaintiff made her trial payments and her financial representations were accurate, the TPP required CitiMortgage to offer plaintiff a permanent modification. "This interpretation of the TPP avoids the injustice that would result were [the servicer] allowed to keep borrowers' trial payments without fulfilling any obligations in return. The TPP does not contemplate such an unfair result." Id.; see also Wigod v. Wells Fargo Bank, N.A., 673 F.3d 547, 562 (7th Cir. 2012) ("Wells Fargo insists that its obligation to modify Wigod's mortgage was also contingent on its determination, after the trial period began, that she qualified under HAMP guidelines. That theory conflicts with the plain terms of the TPP."). Because CitiMortgage did not offer plaintiff a permanent modification, the Court concludes that plaintiff has stated a claim for breach of contract.[1]

### B. Fraud, Negligent Misrepresentation, and Promissory Estoppel

CitiMortgage argues that plaintiff's claims for fraud, negligent misrepresentation, and promissory estoppel are all barred by the statute of limitations. Under California law, the limitations period for fraud, negligent misrepresentation, and promissory estoppel are three years, three years, and two years, respectively.[2] Cal. Code P. §§ 338, 339. Here, CitiMortgage's involvement with plaintiff's loan ended in June 2010, when defendant

---

[1] CitiMortgage also contends that plaintiff has not sufficiently alleged damages, because plaintiff's loan was transferred to CitiMortgage's co-defendant Caliber, and Caliber was the entity which eventually foreclosed on the property. The Court finds this argument unpersuasive. Plaintiff's complaint appears to allege that CitiMortgage's breach led directly to her mortgage's transfer to Caliber, and thus to the eventual foreclosure. Taking these pleadings as true, the Court finds that plaintiff has adequately pled that CitiMortgage's breach of the TPP damaged her.

[2] In certain circumstances, the limitations period for negligent misrepresentation may be shortened to two years. See, e.g., Hydro-Mill Co., Inc. v. Hayward, Tilton & Rolapp Ins. Associates, Inc., 115 Cal. App. 4th 1145, 1155, 10 Cal. Rptr. 3d 582, 590 (2004) ("A cause of action for negligent misrepresentation is barred by the two-year statute of limitations (§ 339) where the allegations amount to a claim of professional negligence."). Because the claim would be untimely even under the longer, three-year limitations period, the Court declines to address whether plaintiff's claim for negligent misrepresentation is subject to the shorter limitations period.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

O

| Case No. | 2:13-cv-07034-CAS-(FFMx) | Date | November 4, 2013 |
|---|---|---|---|
| Title | SIMA KARIMIAN V. CALIBER HOME LOANS INC ET AL. | | |

Caliber began servicing plaintiff's loan. Compl. ¶¶ 23–24. Plaintiff did not file her complaint until August 22, 2013. Because this is more than three years after CitiMortgage's alleged misconduct, CitiMortgage contends that these claims are untimely.

In response, plaintiff argues that the statute of limitations should be equitably tolled. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Here, plaintiff has not made any showing that "extraordinary circumstances" prevented her from filing her claims within the statute of limitations. Accordingly, the Court concludes that plaintiff has not met her burden of showing that she is entitled to equitable tolling. Plaintiff's claims for fraud, negligent misrepresentation, and promissory estoppel are therefore untimely.

## V. CONCLUSION

In accordance with the foregoing, the Court hereby GRANTS IN PART AND DENIES IN PART CitiMortgage's motion to dismiss. The Court grants CitiMortgage's motion as to plaintiff's claims for fraud, negligent misrepresentation, and promissory estoppel, and denies CitiMortgage's motion as to plaintiff's claim for breach of contract. If plaintiff wishes to filed an amended complaint addressing the defects identified herein, she may do so no later than **November 25, 2013.**

IT IS SO ORDERED.

| | 00 | : | 01 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |